**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

DONNA STEALEY,

Plaintiff,

v. Case No.:

CREDIT PROTECTION ASSOCIATION, L.P.,

Defendant.
/

**NOTICE OF REMOVAL**

To: Judges of the United States District Court for the Middle District of Florida

Defendant, Credit Protection Association, L.P. ("CPA), by and through its undersigned attorneys, Ruel W. Smith and Andrew J. J. Collinson, files this, its Notice of Removal pursuant to 28 U.S.C. §§ 1441(a) and 1446, and in support thereof, states as follows:

1. On or about February 14, 2017, Plaintiff, Donna Stealey, filed a complaint against CPA in the Circuit Court for the Eighteenth Judicial Circuit in and for Brevard County, Florida, Case Number 05-2017-CA-015675-XXXX-XX. A copy of the complaint is attached hereto and incorporated herein by reference as **Exhibit "A."**

2. Process was served upon CPA on or about February 21, 2017. A copy of the Summons is attached hereto as **Exhibit "B."**

3. Defendant files with this Notice true and correct copies of all pleadings filed in the above-referenced State Court action.

4. The complaint asserts a federal cause of action against CPA for purported violations of the Telephone Consumer Protection Act ("TCPA.)[1]

5. This Notice was filed with the Clerk of the United States District Court within thirty (30) days after service of the complaint upon the Defendant. 28 U.S.C. § 1446(b).

6. 28 U.S.C. § 1441(b) provides as follows:

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.

7. The United States District Court for the Middle District of Florida has jurisdiction over the Plaintiff's claim due to the fact that the allegations against Defendant contained in her complaint arise under the Constitution, laws or treaties of the United States. 28 U.S.C. § 1331.

8. In the complaint, Plaintiff alleges that CPA was acting as a debt collector in attempting to collect a debt from Plaintiff.

9. Plaintiff alleges that CPA violated 47 U.S.C. § 227(b)(A)(iii) of the TCPA by making unconsented-to telephone calls to Plaintiff's alleged cell phone in its attempted collection of Plaintiff's debt. Plaintiff seeks recovery under the TCPA of statutory damages together with interest, treble damages, costs, and attorney's fees.[2]

10. Therefore, the Plaintiff's complaint invokes federal question jurisdiction, as the allegations involve claims under the TCPA, 47 U.S.C. § 227 *et seq.*

---

[1] The Complaint also asserts a cause of action under the Florida Consumer Collection Practices Act ("FCCPA").

[2] In the "Wherefore Clause", Plaintiff also purports to seek judgment for violations of the FDCPA, which claims are not alleged in the Amended Complaint and the undersigned assumes its inclusion in the Wherefore clause constitutes a scrivener's error; however, to the extent that the Plaintiff seeks entitlement to damages under the FDCPA (which claim would be time-barred on the face of the Complaint), that cause of action would also present a federal question for purposes of removal.

11. This Court has and should exercise supplemental jurisdiction over Plaintiff's state law FCCPA claims by virtue of the Court's original jurisdiction over plaintiff's TCPA claim. 28 U.S.C. § 1367(a).

12. This Court should exercise supplemental jurisdiction over Plaintiff's FCCPA claims because they arise from the same core of (alleged) operative facts and involve substantially similar questions of law as Plaintiff's TCPA claims. 28 U.S.C. § 1367(a). Indeed, both claims asserted in Plaintiff's Amended Complaint arise from Defendant's allegedly improper debt collection activity and center on the same phone calls alleged to have been made to Plaintiff's cellular telephone. They therefore form part of the same case or controversy. Moreover, Plaintiff's FCCPA claims do not involve novel or complex issues of Florida law or substantially predominate over the federal claims, and there are no other "compelling" reasons for declining supplemental jurisdiction in this case. See 28 U.S.C. §§ 1367(a); (c).

13. Promptly after the filing of this notice of removal, Defendant will file a copy of same with the clerk of the County Court of Brevard County, Florida and a notice of filing notice of removal, as required by 28 U.S.C. § 1446. Written notice of the filing of this notice of removal is also being served upon counsel for the Plaintiff.

14. Defendant reserves the right to supplement this notice of removal by adding any jurisdictional defenses which may independently support a basis for removal.

WHEREFORE, the Defendant, Credit Protection Association, L.P., respectfully requests that this case proceed in this court as an action properly removed to it.

**CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2017, a true and correct copy of the foregoing was furnished via electronic mail to counsel for Plaintiff, Richard Shuster, Esquire, and Purvi Patel, Esquire, 1413 South Patrick Drive, Suite 7, Satellite Beach, Florida 32937 richardshuster@gmail.com and purvipatel@gmail.com.

Respectfully submitted,

Ruel W. Smith
FBN 36548
rsmith@hinshawlaw.com
Andrew J.J. Collinson
FBN 55552
acollinson@hinshawlaw.com
Hinshaw & Culbertson LLP
100 South Ashley Drive, Suite 500
Tampa, FL 33602
T - 813-276-1662
F – 813-276-1956
Attorneys for Defendant Credit Protection Association, L.P.