Filing # 52454719 E-Filed 02/14/2017 10:30:19 AM

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT, IN AND FOR BREVARD COUNTY, FLORIDA**

**CASE NO.:**

**DONNA STEALEY,**

**Plaintiff,**

**vs.**

**CREDIT PROTECTION ASSOCIATION, L.P.**

**Defendant.**

_______________________________/

**COMPLAINT**

COMES NOW The Plaintiff, Donna Stealey, by and through the undersigned counsel, sues the Defendant Credit Protection Association, L.P., (hereafter Credit Protection), and alleges:

1. This is an action for damages more than $15,000.00, exclusive of interest, costs and attorney's fees.

2. At all times material hereto, Defendant, Credit Protection was a foreign limited partnership with a principal place business in Dallas, Texas. Credit Protection registered with the Florida Secretary of State and conducts business in State of Florida to the extent is collects on debts owned by Florida residents,

3. The Plaintiff is a resident of Brevard County, Florida.

4. Credit Protection is a third party debt collector. Credit Protection for purposes of the Fair Debt Collection Practices Act (hereafter FDCPA) is a debt collector.

**COUNT I. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION STATUTE**

Plaintiff realleges paragraphs One to Four as set forth above.

5. The Telephone Consumer Protection Act (TCPA) 47 U.S.C 227, provides in pertinent part:

> (b) RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.— (1) PROHIBITIONS.—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> ...(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call

6. The Plaintiff's Cellular/Mobile Phone number at all times material hereto was 321–594-3489.

7. Defendant used an automatic telephone dialing equipment to call the plaintiff's cellular telephone number on numerous occasions including but not limited to the following occasions:

| | | | |
|---|---|---|---|
| 1. | CREDIT PROTECTION ASSOCIATION 888[redacted]3191 | 10/22/2014 10:16:26 AM |
| 2. | CREDIT PROTECTION ASSOCIATION 888[redacted]3191 | 10/23/2014 07:44:26 AM |
| 3. | CREDIT PROTECTION ASSOCIATION 888[redacted]3191 | 10/23/2014 11:34:42 AM |
| 4. | CREDIT PROTECTION ASSOCIATION 888[redacted]3191 | 10/24/2014 07:43:14 AM |
| 5. | CREDIT PROTECTION ASSOCIATION 888[redacted]3191 | 10/24/2014 11:34:28 AM |
| 6. | CREDIT PROTECTION ASSOCIATION 888[redacted]3191 | 10/25/2014 09:13:11 AM |
| 7. | CREDIT PROTECTION ASSOCIATION 888[redacted]3191 | 10/25/2014 01:52:35 PM |
| 8. | CREDIT PROTECTION ASSOCIATION 888[redacted]3191 | 10/27/2014 07:13:21 AM |
| 9. | CREDIT PROTECTION ASSOCIATION 888[redacted]3191 | 10/27/2014 02:04:09 PM |
| 10. | CREDIT PROTECTION ASSOCIATION 888[redacted]3191 | 10/28/2014 07:25:44 AM |
| 11. | CREDIT PROTECTION ASSOCIATION 888[redacted]3191 | 10/28/2014 12:43:11 PM |
| 12. | CREDIT PROTECTION ASSOCIATION 888[redacted]3191 | 10/29/2014 07:51:14 AM |
| 13. | CREDIT PROTECTION ASSOCIATION 888[redacted]3191 | 10/29/2014 11:43:00 AM |
| 14. | CREDIT PROTECTION ASSOCIATION 888[redacted]3191 | 10/30/2014 07:42:08 AM |
| 15. | CREDIT PROTECTION ASSOCIATION 888[redacted]3191 | 10/30/2014 11:32:36 AM |

16. CREDIT PROTECTION ASSOCIATION 888[redacted]3191 10/31/2014 07:24:09 AM
17. CREDIT PROTECTION ASSOCIATION 888[redacted]3191 10/31/2014 11:15:37 AM
18. CREDIT PROTECTION ASSOCIATION 888[redacted]3191 11/03/2014 03:19:38 PM
19. CREDIT PROTECTION ASSOCIATION 888[redacted]3191 11/03/2014 07:10:01 PM
20. CREDIT PROTECTION ASSOCIATION 888[redacted]3191 11/04/2014 08:53:23 AM
21. CREDIT PROTECTION ASSOCIATION 888[redacted]3191 11/04/2014 12:43:43 PM
22. CREDIT PROTECTION ASSOCIATION 888[redacted]3191 11/05/2014 08:47:35 AM
23. CREDIT PROTECTION ASSOCIATION 888[redacted]3191 11/05/2014 08:47:37 AM
24. CREDIT PROTECTION ASSOCIATION 888[redacted]3191 11/05/2014 01:49:39 PM
25. CREDIT PROTECTION ASSOCIATION 888[redacted]3191. 11/05/2014 01:49:40 PM
26. CREDIT PROTECTION ASSOCIATION 888[redacted]3191 11/05/2014 04:40:28 PM
27. CREDIT PROTECTION ASSOCIATION 888[redacted]3191 11/05/2014 05:49:41 PM
28. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 03/03/2015 04:35:31 PM
29. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 03/05/2015 04:00:08 PM
30. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 03/06/2015 07:46:25 PM
31. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 03/06/2015 07:46:26 PM
32. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 03/06/2015 07:49:37 PM
33. CREDIT PROTECTION ASSOCIATION 844[redacted]5702 03/11/2015 03:17:50 PM
34. CREDIT PROTECTION ASSOCIATION 844[redacted]5702 03/12/2015 01:40:14 PM
35. CREDIT PROTECTION ASSOCIATION 844[redacted]5702 03/12/2015 03:20:30 PM
36. CREDIT PROTECTION ASSOCIATION 844[redacted]5702 03/12/2015 05:29:50 PM
37. CREDIT PROTECTION ASSOCIATION 844[redacted]5702 03/17/2015 01:35:01 PM
38. CREDIT PROTECTION ASSOCIATION 844[redacted]5702 03/17/2015 05:25:11 PM
39. CREDIT PROTECTION ASSOCIATION 844[redacted]5702 03/23/2015 03:16:56 PM
40. CREDIT PROTECTION ASSOCIATION 844[redacted]5702 03/26/2015 02:02:52 PM
41. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 03/27/2015 02:37:25 PM
42. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 04/02/2015 05:07:42 PM
43. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 04/02/2015 07:15:15 PM
44. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 04/02/2015 07:15:24 PM
45. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 04/04/2015 10:22:20 AM
46. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 04/04/2015 10:55:32 AM
47. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 04/07/2015 02:32:27 PM
48. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 04/07/2015 06:22:32 PM
49. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 04/09/2015 02:13:48 PM
50. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 04/09/2015 06:04:11 PM
51. CREDIT PROTECTION ASSOCIATION 844[redacted]5702 04/10/2015 05:54:12 PM
52. CREDIT PROTECTION ASSOCIATION 844[redacted]5702 04/15/2015 03:52:30 PM
53. CREDIT PROTECTION ASSOCIATION 844[redacted]5702 04/16/2015 03:09:25 PM
54. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 04/17/2015 02:16:42 PM
55. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 04/22/2015 06:06:16 PM
56. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 04/24/2015 02:14:16 PM
57. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 05/02/2015 10:20:10 AM
58. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 05/02/2015 11:32:04 AM
59. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 05/02/2015 12:18:19 PM
60. CREDIT PROTECTION ASSOCIATION 844[redacted]5702 05/02/2015 12:18:43 PM
61. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 05/07/2015 02:12:35 PM
62. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 05/07/2015 06:03:26 PM
63. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 05/09/2015 02:05:36 PM
64. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 05/11/2015 02:13:59 PM
65. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 05/12/2015 02:35:42 PM
66. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 05/12/2015 02:47:34 PM

67. CREDIT PROTECTION ASSOCIATION 844[redacted]5702 05/18/2015 03:02:40 PM
68. CREDIT PROTECTION ASSOCIATION 844[redacted]5702 05/20/2015 03:06:07 PM
69. CREDIT PROTECTION ASSOCIATION 844[redacted]5701 05/22/2015 02:25:59 PM

8. The Plaintiff never gave Defendant permission to call Plaintiff's cellular phone.

9. When the Plaintiff realized Defendants calls were no the result of an isolated mistake the Plaintiff instructed the Defendant to cease all calls to the Plantiff's cell phone and the Defendant despite Plaintiff's instruction continued to call the Plaintiff.

10. If the Defendant ever had consent or implied consent of the Plaintiff to call the plaintiff such consent was revoked by the Plaintiff when Plaintiff instructed the Defendant to stop calling the Plaintiff.

11. The calls from the Plaintiff may have been directed to the prior owner of the cellular telephone number who upon information and belief is [redacted] [redacted].

12. Those calls that were made after Plaintiff instructed Defendant to stop were willful.

13. Pursuant to the TCPA the Plaintiff is entitled to recover from the Defendant $500.00 per call for each call and for any call that was not willful. For such calls that were willful the Plaintiff respectfully requests such per call sum be trebled pursuant to 47 USC 227(b)(3)(C), to $1,500.00 per call.

## COUNT II – VIOLATION OF FCCPA

Plaintiff realleges paragraphs One to Four, and Six to Eight as set forth above.

14. The Plaintiff is a "consumer" and "debtor" as defined by 559.55(2)

15. CREDIT PROTECTION ASSOCIATION, L.P. is a "Debt Collector" as defined by 559.55(6) or in the alternative is an "Out-of-state debt collector" as defined by 559.55(8)

16. Florida Statute 559.72 sets forth in pertinent part:
Prohibited Practices:
**--In collecting consumer debts, no person shall:**

(7). Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which

can reasonably be expected to abuse or harass the debtor or any member of her or his family.

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within a reasonable period of time to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication;

17. Credit Protection made phone calls to the Plaintiff with such frequency, that such calls violated Florida Statute 559.72(7).

18. Even if Plaintiff did not owe any debt that Defendant was attempting to collect the actions of Defendant are still subject to the FCCPA because the FCCPA applies to alleged and actual consumer debts.

19. Pursuant to 559.77 Plaintiff is entitled to his actual damages, together with statutory damages of up to $1,000.00 for the violation.

**WHEREFORE**, the Plaintiff, Donna Stealey, demands judgment for damages together with interest, costs and attorney's fees pursuant to Florida Statutes, §§559.77, the FCCPA, and the FDCPA legal assistants' fees pursuant to §57.104 Florida Statutes, and costs pursuant to §92.231, Florida Statutes and §57-041, Florida Statutes, and any and all further relief as this Court deems just and proper, and further demands a trial by jury on all issues.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Defendant herein through service of process.

**SHUSTER & SABEN, LLC**

RICHARD SHUSTER, ESQUIRE
Fla. Bar No.: 045713
E-mail: richshuster@gmail.com
PURVI PATEL, ESQUIRE
Fla. Bar No.: 59394
E-mail: purvipatelesq@gmail.com
1413 South Patrick Drive, Suite 7
Satellite Beach, Florida 32937
Telephone: 321-622-5040
Fax Number: 321-259-3255
Attorney for Plaintiff